UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KING GARRETT,

      Plaintiff,

v.                                                                                                       05-3253

OFFICER BEDESSIE et al.,

      Defendants.

## Merit Review Order

The plaintiff filed this action pursuant to 42 U.S.C. Section 1983, apparently after his release from prison. He seeks leave to proceed *in forma pauperis* (d/e 8). The plaintiff cannot proceed *in forma pauperis* unless his allegations state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e). For purposes of this determination, the plaintiff's complaint is liberally construed, taking the allegations as true. *Haines v. Kerner*, 404 U.S. 519 (1972).

While incarcerated in Danville Correctional Center, the plaintiff wrote a note to a female correctional officer, defendant Bedessie, which stated, "I pray that God will send a wife just like you King Garrett." The plaintiff intended only to compliment Officer Bedessie.

Officer Bedessie's boyfriend (Defendant Lt. Diles) was enraged at the note, and persuaded Bedessie to file a disciplinary report against the plaintiff, charging him with sexual misconduct and insolence. The plaintiff was found guilty (as part of the conspiracy) and received one year of C grade and one year loss of good conduct credits. On appeal, the ARB deleted the sexual misconduct charge and reduced the punishment to just one month of segregation, one month good conduct revocation and 3 months of C grade.

The plaintiff had a constitutional right to procedural due process before his good time credits were revoked.[1] *Whitlock v. Johnson*, 153 F.3d 380, 385 (7th Cir. 1988). These rights are: advance written notice of the charge; enough time to prepare a defense; an impartial decision maker; an opportunity to call witnesses (subject to legitimate penological concerns); and, a written explanation of the reason for the decision and the evidence relied upon. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Once these procedural protections are satisfied, "'the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by 'some facts.'" *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)(quoted cite omitted).

The plaintiff's challenge is not to the procedures used, but to the lack of evidence. He asserts that the evidence (the written note) does not support a finding of sexual misconduct. Sexual misconduct is defined in the Illinois Administrative Rules as "engaging in sexual intercourse, sexual conduct, or gesturing, fondling, or touching done to sexually arouse, intimidate, or harass either or both persons; or engaging in any of these activities with an animal." 20 Ill. Admin. Code 504, App. A.

The Court accepts as true that the plaintiff did not believe his letter amounted to sexual misconduct, and

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar his claim because he has already been released from prison.

was only meant as a respectful compliment to Officer Bedessie.  The plaintiff's interpretation of his letter is arguably a reasonable one.  The Administrative Review Board members apparently agreed with the plaintiff that the note did not amount to sexual misconduct because they deleted the charge and reduced the punishment.

But, interpretation of the note is in the eye of the beholder.  "Prison administrators . . . [are] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. . . (citations omitted). [I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."  *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

Read in the context of the prison setting, the Court cannot say that the Adjustment Committee's finding that the note amounted to sexual misconduct violated the Constitution.  The plaintiff was a prisoner, convicted of aggravated criminal sexual abuse and required to register as a sex offender.  (www.idoc.state.il.us).  The note could reasonably be construed as "sexual conduct" in the prison setting, given the plaintiff's history and Officer Bedessie's gender.  Officer Bedessie, a female correctional officer, could have reasonably felt sexually intimidated or harassed by the note.  The note could be construed as an invitation or intention to pursue improper relations with Officer Bedessie.  Given the deference courts must afford to a prison's application of its own disciplinary rules, the Court sees no Constitutional violation in the guilty finding for sexual misconduct.  Thus, the plaintiff states no federal claim and he cannot proceed *in forma pauperis*.

IT IS THEREFORE ORDERED that the plaintiff's petition to proceed *in forma pauperis* is denied (d/e 1).  The plaintiff's complaint is dismissed because it is not accompanied by the $250 filing fee.  This case is closed.

Entered this 6th Day of January, 2006.

                                                  **s\Harold A. Baker**

                                                  HAROLD A. BAKER
                                                  U.S. DISTRICT JUDGE